ORIGINAL

FILED

02/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0072

JARED BARTH,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY, HON.
JOHN W. LARSON, presiding,

Respondent.

FILED

FEB 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Jared Barth has filed a "Motion for Writ of Supervisory Control" concerning his two pending criminal cases in the Fourth Judicial District Court, Missoula County.[1] Barth contends that his speedy trial rights have been violated and seeks removal of his appointed counsel. The Clerk of the Supreme Court has amended the caption to include the District Court and presiding Judge.

As a threshold matter, Barth has not served a copy of his motion, that we deem a Petition, upon the court or presiding Judge. M. R. App. P. 14(6). He has only served the Attorney General for the State of Montana.

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

---

[1] Cause Nos. DC-21-371 and DC-21-414.

Barth contends that he has been trying to remove his counsel for the last six months and explains the various episodes of miscommunication between him and his counsel. He states that he has requested copies of the court minutes for him or his mother, and that he has requested to see copies of the briefs and motions that counsel prepares before filing. He states, in twelve pages, the errors committed by law enforcement officers, county and city attorneys, his counsel, and Judge Larson since his arrest, mental health exams, and court appearances. He further states that the court deemed him fit to proceed. Barth requests many forms of relief: (1) his release while we review his matter; (2) that he is precluded from transport to Warm Springs; (3) copies of the court minutes; (4) that charges are brought against the Officer who drafted the probable cause affidavit; (5) that an investigation of Judge Larson commence for willful misconduct; (6) that his criminal cases are dismissed; and (7) that the alleged victim is charged with crimes.

We requested and reviewed the limited information from registers of actions for both matters. The District Court has held several hearings in both matters and has considered his counsel's motion to set bond hearing in one case. On January 5, 2022, the court issued an order for evaluation, transport of Barth, and vacating other hearings. A second Notice of Appearance and Request for Discovery was filed on February 11, 2022, in his second case. Barth has different counsel to represent him in his second case.

Barth is inappropriately attempting to litigate his criminal proceedings in this Court. Barth is not entitled to supervisory control nor his release. "The supreme court has supervisory control over all other courts and may . . . supervise another court." M. R. App. P. 14(2). We do not take control of counsel in an on-going proceeding. Barth has not presented a purely legal question for review because of the many fact-intensive aspects to this matter. We do not find the existence of urgency or emergency factors, and we conclude that supervisory control is not warranted because the District Court is not proceeding upon a mistake of law causing a gross injustice. M. R. App. P. 14(3). Barth retains the remedy of a direct appeal for which the entire record would be available to this Court. M. R. App. P. 4(1)(a), 4(5)(b)(i), and 6(2). Accordingly,

IT IS ORDERED that Barth's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to the Honorable John A. Larson, Fourth Judicial District Court, Missoula County, along with a copy of Barth's Petition; to Shirley Faust, Clerk of District Court, Missoula County, under Cause Nos. DC-21-371 and DC-21-414; to counsel of record; to Brittany L. Williams, Counsel for the State, along with a copy of Barth's Petition; to Stephanie McKnight, Defense Counsel, along with a copy of Barth's Petition; to Jaime Upham, Defense Counsel, along with a copy of Barth's Petition; and to Jared Barth personally.

DATED this 22nd day of February, 2022.

_____

_____

_____

_____

_____
Justices